■ COMPOSITE PANEL FABRICATORS, INC., Respondent, v WILLIAM WEBB, Appellant, et al., Defendant.—In an action for an injunction, an accounting and to recover damages for the

breach of an employment contract, the defendant William Webb appeals from an order of the Supreme Court, Suffolk County (Murphy, J.), dated February 4, 1986, which, *inter alia,* granted an application to adjudge him to be in civil contempt for violating a temporary restraining order of the same court (Geiler, J.), dated March 6, 1985, and an order of the same court (McCarthy, J.), dated April 16, 1985, granting a preliminary injunction, without a hearing, and fined him $250 and $2,000 costs and expenses.

Ordered that the order is reversed, on the law, without costs or disbursements, and the application is denied.

The defendant William Webb entered into an employment contract with the plaintiff which contained several noncompetition clauses. In particular, the employment contract provided that for two years after the termination of his employment, Webb would not solicit or employ the plaintiff's employees and he would not directly or indirectly engage in any business within a 50-mile radius of New York City which was competitive with plaintiff's business. In January 1985 Webb formed his own company while he was still employed by the plaintiff, employing people who were then employed by the plaintiff, and he allegedly engaged in the same business as the plaintiff. The plaintiff moved by order to show cause for a preliminary injunction and obtained a temporary restraining order which, pending a hearing, prohibited Webb "from any activity on behalf of the Defendant COMPONENT PANELLING MANUFACTURING, INC., as employee, officer, director or otherwise", and, after a hearing, Special Term issued a preliminary injunction prohibiting Webb from continuing in the employ of the defendant Component Panelling Manufacturing, Inc., and from "engaging in business of the manufacture and sale of exterior wall panels as principal, agent or employee for a period of two years from January 10, 1985 in the counties of Suffolk, Nassau, Westchester and the five counties comprising the City of New York".

In the instant civil contempt proceeding, the plaintiff alleged that Webb violated the preliminary injunction and the temporary restraining order by submitting bids for wall panels on certain construction jobs and actually installing wall panels on other construction jobs. In response, Webb denied *that* he had violated either the order or the injunction and asserted that he had been bidding on wall systems other than exterior wall panels. Although the defendant Webb's responses in his affidavit in opposition to the contempt application

appear, on their face, to be evasive and of questionable validity, they raise triable issues.

However, under the circumstances of the instant case, it is not necessary to remit this matter for a new hearing on the civil contempt issue. Here, the plaintiff sought only to prevent future disobedience of both the temporary restraining order and preliminary injunction. During oral argument on the contempt motion, the plaintiff conceded that it was not seeking damages for Webb's failure to obey the orders but desired a finding of contempt so that if Webb continued to flout the court's orders, the plaintiff could get an order of commitment. Since the preliminary injunction expired on January 10, 1987, the issue raised by the instant contempt proceeding has been rendered academic since Webb could no longer be incarcerated for failing to obey the court's orders. It should be noted, however, that any damages sustained by the plaintiff due to Webb's failure to abide by the restrictive covenant in his employment contract can be recovered in the underlying action. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.