■ TOWN OF BROOKHAVEN, Respondent, v DREW CASS, Doing Business as ACTIVE APPLIANCE, Appellant. [719 NYS2d 889] —In

an action, *inter alia*, for a permanent injunction enjoining the defendant from using the front and side yards of his property for the outdoor storage of appliances, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated September 10, 1999, as granted the plaintiff's motion to punish him for civil contempt of court based on his failure to comply with a prior order of the same court (DiPaola, J.), dated September 19, 1985, and directed that he be incarcerated for a term of six months, unless he purged himself of his contempt by completing 840 hours of community service and by paying a sanction in the sum of $11,400 to the County Treasurer, an attorney's fee to the plaintiff, and costs in the sum of $250.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing and a new determination in accordance herewith.

In support of its motion to punish the defendant for civil contempt, the plaintiff alleged that the defendant had violated an injunction contained in an order dated September 19, 1985, which, *inter alia*, enjoined him from using the subject property for the outdoor storage of appliances. In opposition, the defendant submitted an affidavit which sufficiently raised a question of fact as to whether he violated that order. As a result, the issues of whether the defendant violated the injunction, and whether he should be punished therefor, should not have been summarily determined (*see, Seven Hanover Sq. Corp. v Kaufman,* 81 AD2d 789; *see also, Composite Panel Fabricators v Webb,* 133 AD2d 333).

The appellant's remaining contentions need not be addressed in light of our determination. Santucci, J. P., Altman, Goldstein and McGinity, JJ., concur.